UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARISSA MYERS, an individual, | Case No. 2:26-cv-00532-NJK |
| Plaintiff, | **ORDER GRANTING**<br>**STIPULATION TO EXTEND TIME TO**<br>**FILE RESPONSIVE PLEADING** |
| v. | |
| CITY OF HENDERSON, a political subdivision of the State of Nevada; HENDERSON POLICE DEPARTMENT; MICHAEL BLOW, in his individual and official capacity as Deputy Chief of Police; ANTHONY BRANCHINI, in his individual and official capacity as Lieutenant; JEFF BOTT, in his individual and official capacity as Sergeant; JOHN VILLA, in his individual and official capacity as an officer; THEDRICK ANDRES, in his individual and official capacity as Chief of Police; and DOES-1-10, inclusive, | **[FIRST REQUEST]** |
| Defendants. | |

Pursuant to Local Rule IA 6-1, Plaintiff Marissa Myers ("Plaintiff") and Defendants City of Henderson, Henderson Police Department, Michael Blow, Jeff Bott, and Thedrick Andres (collectively, "Defendants"), by and through their undersigned counsel, agree and stipulate as follows:

WHEREAS, on December 17, 2025, Plaintiff filed a Complaint in the Eighth Judicial District Court of the State of Nevada, Clark County, Case No. A-25-935300-C, arising from an investigation into a collision involving an off-duty Henderson Police Department officer.

WHEREAS, on February 25, 2026, Defendants removed the action from the Eighth Judicial District Court of the State of Nevada, Clark County to the United States District Court for the District of Nevada. ECF No. 1.

WHEREAS, the Complaint alleges eleven causes of action against Defendants: (1) discrimination based on NRS 608.0215, 613.330–613.405; (2) retaliation based NRS 608.0215, 613.340, 613.405; (3) violation of procedural due process pursuant to Nev. Const. art I, § 8 and 42 U.S.C § 1983; (4) violation of substantive due process pursuant to Nev. Const. art I, § 8 and common law; (5) tortious interference with prospective economic advantage; (6) intentional infliction of emotional distress; (7) negligent hiring, training, supervision, and retention; (8) breach of contract; (9) breach of the implied covenant of good faith and fair dealing; (10) harassment based on NRS 608.0215, 613.330–613.405; and (11) wrongful adverse employment action/discipline. *See* ECF No. 1-4, at 11–22.

WHEREAS, the Parties met and conferred regarding Defendants' anticipated motion to dismiss and special motion to dismiss pursuant to NRS 41.660, which will challenge the legal sufficiency of the asserted claims and the legal basis for maintaining claims against certain named Defendants.

WHEREAS, as a result of the Parties' conferral efforts, Plaintiff is evaluating whether and to what extent to amend the Complaint to address some or all of the issues identified by Defendants.

WHEREAS, the Parties agree that in the interests of judicial economy and efficient case management, Defendants City of Henderson, Henderson Police Department, Michael Blow, Jeff

2

Bott, and Thedrick Andres'[1] respective deadlines to respond shall be deferred to allow additional time for Plaintiff to evaluate appropriate amendments to the Complaint to be made, if any, and allow the above referenced Defendants sufficient time to evaluate and respond to the amended complaint should one be filed by Plaintiff.

WHEREAS, the Parties agree that Plaintiff has until March 11, 2026 to file a First Amended Complaint, and Defendants' response to the operative complaint shall be due thirty (30) days thereafter.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties and subject to the Court's approval that:

1.    Plaintiff shall have until March 11, 2026 to file a First Amended Complaint should she opt to do so.

2.    Defendants City of Henderson, Henderson Police Department, Michael Blow, Jeff Bott, and Thedrick Andres response to the operative complaint shall be due thirty (30) days thereafter, up to and including April 10, 2026.

3.    Good cause also exists to extend the deadline for Defendant Blow, Bott, and Andres to bring a special motion to dismiss under NRS 41.660 from the current deadline of "60 days after service of the complaint" on the respective defendant, up to and including the deadline for Defendants' response to the operative complaint agreed to herein, April 10, 2026.

4.    Nothing in this Stipulation is intended in any way to waive or affect any rights, claims, defenses, objections, or arguments that any party may have with respect to any matter,

/ / /

/ / /

/ / /

---

[1] Defendants Anthony Branchini and John Villa have not yet appeared in the case and, to Defendants' understanding, have not yet been served.

other than those expressly addressed and agreed in paragraph 1 through 3 above, including but not limited to Plaintiff's right to seek additional amendment of the pleadings or remand of this matter.

Dated: March 4, 2026

LJU LAW FIRM

/s/ James D. Urrutia
James D. Urrutia, Esq.

Attorney for Plaintiff
MARISSA MYERS

Dated: March 4, 2026

LITTLER MENDELSON, P.C.

/s/ Ethan D. Thomas
Wendy M. Krincek, Esq.
Ethan D. Thomas, Esq.
Andrew S. Clark, Esq.
McCade Wing, Esq.
Hayley J. Cummings, Esq.

Attorneys for Defendants
CITY OF HENDERSON, HENDERSON
POLICE DEPARTMENT, MICHAEL
BLOW, JEFF BOTT and THEDRICK
ANDRES

**IT IS SO ORDERED.**

Dated: March 5, 2026

_____
UNITED STATES MAGISTRATE JUDGE

4